# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

SANDRA K MARTINO-HEWITT,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-709-FHM

## **OPINION AND ORDER**

Plaintiff, Sandra K. Martino-Hewitt, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's September 16, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Jeffrey S. Wolfe was held March 25, 2010. By decision dated September 22, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 6, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 57 years old on the alleged date of onset of disability and 59 at the time of the ALJ's denial decision. She received training as a cosmetologist and currently works as a hairdresser and beauty shop manager. She formerly worked as a cashier. Plaintiff claims to have been unable to work since September 1, 2008 as a result of back, arm and knee pain.

## The ALJ's Decision

The ALJ found that Plaintiff engaged in substantial gainful activity since September 1, 2008, the alleged date of onset of disability. [R. 12]. However in the interest of administrative efficiency, the ALJ continued the sequential analysis

The ALJ determined that Plaintiff has a severe impairment of tricompartment osteoarthritis of the right knee and has the residual functional capacity (RFC) to lift/carry 20 pounds occasionally or 10 pounds frequently. In an eight hour workday she can stand and/or walk for a total of 6 hours or sit for a total of 6 hours. [R. 13]. The ALJ found that with these limitations Plaintiff is capable of performing her past relevant work as a

cosmetologist, beauty shop manager, and a cashier or checker. The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ erred: in finding she "earned substantial gainful activity level income;" erred in finding she did not have a severe mental impairment; and in failing to conduct a proper step four inquiry.

## Analysis

### Substantial Gainful Activity

Plaintiff asserts that the ALJ erred in finding that her income reached the level of substantial gainful activity because he considered her gross receipts from the operation of a hair salon and not her net income. Plaintiff also asserts that the ALJ failed to apply the tests set out at 20 C.F.R. § 404.1575(a)(2) for evaluating work activity for a self-employed claimant.

The ALJ did not end his analysis at step one of the sequential evaluation and deny benefits on the basis that Plaintiff was currently engaged in substantial gainful activity. Therefore, any error committed at step one was harmless.

### Consideration of Mental Impairment

In the papers submitted to the Commissioner Plaintiff did not allege she was disabled based on any mental impairment. Plaintiff did not submit records of any mental health treatment. At the hearing before the ALJ, in response to her attorney's question,

3

"Do you feel depressed," [R. 47], Plaintiff answered, "I, yes, I am depressed," [R. 48]. After the hearing, the ALJ sent Plaintiff for a psychological consultative examination, including the Minnesota Multi-Phase Personality Inventory, Wexler Adult Intelligence Scale, Wexler Memory Scale, a mental status examination with Global Assessment of Functioning [GAF], the McGill Pain Scale, and a mental residual functional capacity assessment. [R. 55]. A mental consultative examination was performed on May 25, 2010 and a Disability Evaluation Report dated June 1, 2010, [R. 348-354], and a Medial Source Statement, [R. 354-357], was completed by Marion Sigurdson, Ph.D and John W. Hickman, Ph.D.

The consultative examiners diagnosed Plaintiff as having a chronic pain syndrome associated with psychological factors and a general medical condition, an anxiety disorder, and features of a histrionic personality disorder. [R. 353]. Plaintiff was rated as having a GAF of 55, with marked deficits to recent memory and moderate emotional difficulties. *Id*. The examiners found Plaintiff had moderate limitations in the following areas: the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; the ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to respond appropriately to change in the work setting; and the ability to be aware of normal hazards and to take appropriate precautions. [R. 355, 356].

The ALJ's decision does not: include any mental impairments as "severe" impairments at step two; include a discussion of the Psychological Review Technique (PRT); include any mention of the report submitted by the consultative mental examiners; include any mental limitations in the RFC; or contain a discussion of the mental demands

4

of Plaintiff's past relevant work. Plaintiff argues that the ALJ's implicit finding that she did not have a severe mental impairment is not supported by substantial evidence. Plaintiff asserts that the case should be remanded for the ALJ to address the findings from the consultative mental examination and the impact on Plaintiff's ability to work. The court agrees.

The Commissioner asserts that the court should take the ALJ at his word as he explicitly stated that he considered all of the evidence. Further, the Commissioner reasons that ALJ must have considered the mental consultative examination because the ALJ ordered the examination. There are numerous cases that support the proposition that when the ALJ states he considered all of the evidence, the court should not assume otherwise. Those cases are not applicable in this instance.

In this case the ALJ was required to do more than just *consider* the consultative examination. Where, as here, there is evidence of a mental impairment that allegedly impacts a claimant's ability to work, the ALJ is required to follow the procedure known as the psychiatric review technique (PRT) which is set out in the regulations. 20 C.F.R. §§ 404.1520a, 416.920a. The ALJ is required to document application of the technique in the decision. 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4). In this case, despite having ordered the examination, the ALJ failed to even mention it. The decision must be reversed because the ALJ wholly failed to perform the PRT procedure.

However convincing, the court cannot accept the government's proffered rationale for discounting the consultative examiner's report. The ALJ's decision contains no mention of the mental examination and consequently none of the reasons for discounting the examination report appear in the ALJ's decision. "[The] court may not create or adopt

post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007).

## Conclusion

The ALJ's decision must be REVERSED and the case REMANDED for further proceedings as set out in this Opinion and Order.

SO ORDERED this 4th day of February, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE